# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **CLUB SOURCING INC.,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:23-cv-00926-M |
| § | |
| **ALLEN HARIM FOODS, LLC d/b/a** § | |
| **ALLEN HARIM LLC; HARIM USA,** § | |
| **LTD. d/b/a ALLEN HARIM LLC;** § | |
| **HARIM MILLSBORO, LLC d/b/a** § | |
| **ALLEN HARIM LLC,** § | |
| § | |
| Defendants. § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Club Sourcing Inc. ("Plaintiff" or "Club Sourcing") complains of Defendants Allen Harim Foods, LLC d/b/a Allen Harim LLC; Harim USA, Ltd. d/b/a Allen Harim LLC; and Harim Millsboro, LLC d/b/a Allen Harim LLC (collectively, "Defendants" or "Allen Harim") as follows.

## PARTIES

1. Plaintiff Club Sourcing Inc. is a Texas corporation based in Dallas County, Texas.

2. Defendant Allen Harim Foods, LLC d/b/a Allen Harim LLC is a Delaware limited liability company conducting business in the State of Texas. This party was served with process before removal of the underlying state-court action.

3. Defendant Harim USA, Ltd. d/b/a Allen Harim LLC is a Delaware corporation conducting business in the State of Texas. This party was served with process before removal of the underlying state-court action.

4. Defendant Harim Millsboro LLC d/b/a Allen Harim LLC is a Delaware corporation conducting business in the State of Texas. This party was served with process before removal of the underlying state-court action.

## JURISDICTION

5. This case is before the Court having been removed by Defendant Allen Harim Foods, LLC d/b/a Allen Harim, LLC, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The cited basis for removal and for jurisdiction is diversity. *See* 28 U.S.C. § 1332.

6. The Court has personal jurisdiction over Defendants because Defendants contractually agreed to submit to the mandatory jurisdiction of courts sitting in Dallas County, Texas, and have contracted with a Texas corporation to perform an obligation in Texas.

## VENUE

7. Venue is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the 192nd Judicial District Court of Dallas County, Texas, the forum in which the removed action pended.

## FACTUAL BACKGROUND

**A.    Club Sourcing Is a Retail & Commodity Food Brokerage Company That Has Grown Allen Harim's Chicken Business for Years.**

8. Club Sourcing is a family-owned food brokerage company that specializes in club stores (*e.g.*, Costco, Sam's Club, etc.), retail, and industrial manufacturing representation, both nationally and internationally. Club Sourcing works with U.S. and international club stores, retailers, and manufacturers. Club Sourcing works with food manufacturers who have little to no business with the retailers and stores that Club Sourcing has relationships with. Club Sourcing develops and expands their food manufacturer clients' business through the relationships Club Sourcing has cultivated and maintained with club stores, grocery stores, and other retailers.

9. In this regard, Allen Harim Foods, LLC d/b/a Allen Harim LLC, who farms chickens and produces chicken products, contracted with Club Sourcing to be its food broker.

10. Allen Harim Foods, LLC d/b/a Allen Harim LLC; Harim USA, Ltd. d/b/a Allen Harim LLC; and Harim Millsboro, LLC d/b/a Allen Harim LLC all do business as, and collectively hold themselves out (including to Club Sourcing) as "Allen Harim LLC." Defendants have a history of collectively holding themselves out as Allen Harim LLC. For example, the Defendants' website is directed to "Allen Harim LLC," as evidenced by the website address: allenharimllc.com. "Allen Harim" is also repeatedly referenced through the website. Further, for years, "Allen's" and "Allen Harim" paid Club Sourcing under Brokerage Agreements (defined below) without making any distinction as to any particular entity doing business under this trade name. Additionally, Ray Shaver (signatory of the 2012 Agreement on behalf of Allen Harim LLC) and Matt Hamilton (signatory of the 2019 Agreement on behalf of Allen Harim LLC) communicated regarding the Brokerage Agreements through e-mail addresses with an "allenharimllc.com" domain. Because Defendants collectively hold themselves out (including to Club Sourcing) as "Allen Harim LLC," the Complaint will collectively refer to the Defendants as "Allen Harim."

11. Club Sourcing has served as Allen Harim's food broker since at least 2012. For years, Allen Harim has benefited from Club Sourcing's food retail relationships, which led to Allen Harim chicken products being sold at major U.S. retailers, grocery stores, and club stores across the country.

12. After a recent change in leadership at Allen Harim, Allen Harim now wants to forget all about Club Sourcing's contributions to the growth and success of Allen Harim's business and sales. Allen Harim has now wrongfully attempted to cut Club Sourcing out of the business relationships and sales that Club Sourcing introduced to Allen Harim. Allen Harim has wrongfully

denied Club Sourcing the commissions that Allen Harim contractually owes Club Sourcing pursuant to the brokerage agreement(s) it entered with Club Sourcing.

13. Allen Harim has ignored Club Sourcing's demands for payment. Club Sourcing was forced to bring this lawsuit.

**B.  The Club Sourcing Brokerage Agreement(s).**

14. On or about October 9, 2012, Allen Harim and Club Sourcing entered a Brokerage Agreement with an effective date of September 17, 2012 (the "2012 Agreement"). The 2012 Agreement specifies that the term of the Agreement begins on the Effective Date (September 12, 2012) and continues until terminated in accordance with the terms of the agreement. The 2012 Agreement also states that the "Company may not provide written notice of termination of this Agreement . . . unless and until there exists no current orders, commissions due or other business generated by [Club Sourcing] in accordance with this Agreement." The 2012 Agreement also requires at least a 60-day written termination notice from Allen Harm, with additional 15 days' notice added for each year Allen Harim has been represented by Club Sourcing.

15. In or around August 2020, Allen Harim and Club Sourcing entered another Brokerage Agreement with an effective date of April 29, 2019 (the "2019 Agreement"). The 2019 Agreement specifies that the term of the Agreement begins on the Effective Date (April 29, 2019) and continues until terminated in accordance with the terms of the agreement. The 2019 Agreement may be terminated by Club Sourcing, as the broker, with or without cause, by providing 60 days' prior written notice to Allen Harim. Allen Harim, however, may terminate the 2019 Agreement:

> if and only if (i) [Club Sourcing] fails to secure an order for any Product from an Approved Retailer on or before the first anniversary of the Effective Date, or (ii) beginning on the first anniversary of the Effective Date and thereafter, [Club Sourcing] fails to secure any order for any product from an Approved Retailer for at least 365 consecutive days. Such termination will be effective upon written

>    notice to [Club Sourcing], which shall be provided at least sixty (60) days prior to
>    the date of termination . . . .

Notably, Allen Harim "may not terminate this Agreement unless and until there exists no current orders, commissions due, or other business generated by [Club Sourcing] in accordance with this Agreement."

16.   Over the years, the parties entered various supplements to the 2012 Agreement and 2019 Agreement, adding approved customers, covered products, and agreed-upon commission rates.

17.   Collectively, the 2012 Agreement and 2019 Agreement, and all of the various supplements to both the 2012 Agreement and 2019 Agreement, are called the "Brokerage Agreements" here.

18.   Pursuant to the Brokerage Agreements, Club Sourcing provided food brokerage services on an exclusive basis to Allen Harim for all approved products, including all approved products added or agreed upon by the parties.

**C.   The 2012 Agreement.**

19.   Covered products, and approved retailers and commission rates, agreed upon by the parties under the 2012 Agreement, include the following:

*Covered Products*

- All Conventional Tray Pack
- All Conventional Whole Birds and Wog's
- All Conventional Bulk Parts and Pieces
- All Halal Tray Pack
- All Halal Whole Birds and Wog's
- All Halal Bulk Parts and Pieces
- All Antibiotic Free Tray Pack
- All Antibiotic Free Tray Pack
- All Antibiotic Free Whole Birds and Wog's
- All Antibiotic Free Bulk Parts and Pieces
- All ABF Tenders (Food Revelations)

*Approved Retailers and Commissions*

- The Northwest Company International at $.05/lb commission rate
- Hain Pure Protein at $.03/lb commission rate
- Costco Wholesale Corporation at $.03/lb commission rate
- Sam's Club at $.03/lb commission rate
- BJ's Wholesale Club Inc. at $.03/lb commission rate
- The Chef's Warehouse, Inc. at $.03/lb commission rate
- West Liberty Foods, L.L.C. at $.03/lb commission rate
- Co-packed products at $.01/lb commission rate
- Food Revelations (All ABF Tenders) at $.05/lb commission rate

**D.    The 2019 Agreement.**

20.    Pursuant to the 2019 Agreement, Allen Harim is required to copy Club Sourcing on all correspondence with approved retailers regarding purchase orders. Allen Harim is further required to pay Club Sourcing commissions for approved products sold to approved retailers. Such commissions are to be paid on the net invoiced sales of products to approved retailers. Allen Harim is required to provide Club Sourcing with a copy of the net invoiced sales to approved retailers on a monthly basis, and Allen Harim is required to pay Club Sourcing commissions no later than the 30th day after Allen Harim receives payment from an approved retailer for an applicable order. Allen Harim agreed to assist Club Sourcing in verifying sales figures for products sold pursuant to the 2019 Agreement. Allen Harim has failed to provide copies of net invoiced sales or verifying sales figures since at least November 2021, and (on information and belief) Allen Harim has failed to provide complete information in the months prior to November 2021.

21.    Covered products and commission rates, and approved retailers, agreed upon by the parties under the 2019 Agreement, include the following:

*Covered Products and Commissions*

- Fresh Chicken at $.05 lb commission rate
- Frozen Chicken at $.05 lb commission rate
- Fresh Chicken to FreeBird (Poultry Holdings LLC) at $.01 lb commission rate

- Frozen Chicken to FreeBird (Poultry Holdings LLC) at $.01 lb commission rate

*Approved Retailers*

- Costco Wholesale
- Papa Cantella's
- FreeBird (Poultry Holdings LLC)
- Hain Pure Protein (Poultry Holdings LLC)
- North West Company International
- Plainville Farms LLC
- Pilgrims Price
- Sugar Creek

**E.    Allen Harim's Wrongful Attempt to Terminate.**

22. On or around May 11, 2021, Brian Hildreth, CFO, on behalf of Allen Harim Foods LLC, sent Club Sourcing a letter purporting to give its 30-day notice to terminate an Allen Harim Foods LLC Food Broker Agreement dated January 1, 2020.

23. Club Sourcing never entered such an agreement. Club Sourcing never entered an Allen Harim Foods LLC Food Broker Agreement dated January 1, 2020.

24. On May 24, 2021, Bradley E. Chambers, counsel for Defendants, on behalf of Allen Harim Foods LLC, sent Club sourcing a letter purportedly terminating the January 1, 2020, Agreement, effective June 11, 2021. Again, Club Sourcing never entered such an agreement.

**F.    Allen Harim's Breaches of the Brokerage Agreements.**

25. On information and belief, Allen Harim is continuing to fill orders for covered products for approved retailers pursuant to the Brokerage Agreements. Yet, Allen Harim has failed to pay Club Sourcing any commissions since at least November 2021, and (on information and belief) Allen Harim has failed to pay Club Sourcing the full amount of commissions owed under the Brokerage Agreements in the months and years prior to November 2021.

26. Wrongfully unpaid and withheld commissions due to Club Sourcing by Allen Harim are estimated to be in excess of $1,000,000.00.

27. Allen Harim has also failed to abide by the terms of the Brokerage Agreements, including by failing to:

    a. Pay Club Sourcing commissions for approved products sold to approved retailers;

    b. Pay Club Sourcing commissions on the net invoiced sales of products to approved retailers;

    c. Pay Club Sourcing its commissions no later than the 30th day after Allen Harim receives payment from an approved retailer for an applicable order;

    d. Copy Club Sourcing on all correspondence with approved retailers regarding purchase orders;

    e. Provide Club Sourcing with a copy of the net invoiced sales to approved retailers on a monthly basis; and

    f. Assist Club Sourcing in verifying sales figures for products sold.

28. On or about February 22, 2023, Club Sourcing sent written demand to Allen Harim, requesting that Allen Harim (1) pay all commissions owed by Club Sourcing under the Club Sourcing Brokerage Agreements, (2) provide Club Sourcing with an accounting of all commissions paid and all commissions due and owing to Club Sourcing, including providing Club Sourcing with a copy of the net invoiced sales of all covered products to any and all approved retailers on a monthly basis from 2012 through the present, and (3) assist Club Sourcing in any other way to verify sales figures for any and all covered products sold to approved retailers from 2012 through the present (the "Demand Letter"). Allen Harim has failed to respond to the Demand Letter.

29. All conditions precedent to Club Sourcing's recovery and Allen Harim's liability have been performed, have occurred, or have been waived or excused.

## COUNT ONE: BREACH OF CONTRACT

30. Plaintiff incorporates the prior paragraphs by reference.

31. Pursuant to the terms of the Brokerage Agreements, which Allen Harim and Club Sourcing duly entered, Allen Harim agreed to pay commissions to Club Sourcing for approved products sold to approved retailers. Allen Harim's failure to pay these commissions, despite notice and an opportunity to cure, constitutes, amongst other things, a breach of the Brokerage Agreements, for which Club Sourcing hereby sues.

32. Pursuant to the 2019 Agreement's terms, Allen Harim further agreed to copy Club Sourcing on all correspondence with approved retailers regarding purchase orders. On information and belief, Allen Harim has failed to copy Club Sourcing as required, constituting, amongst other things, a breach of the 2019 Agreement, for which Club Sourcing hereby sues.

33. Pursuant to the 2019 Agreement's terms, Allen Harim further agreed to pay commissions on the net invoiced sales of products to approved retailers. Allen Harim is required to provide Club Sourcing with a copy of the net invoiced sales to approved retailers on a monthly basis. Allen Harim agreed to assist Club Sourcing in verifying sales figures for products sold pursuant to the 2019 Agreement. Allen Harim has failed to provide copies of these net invoiced sales or verifying sales figures since at least November 2021, constituting, amongst other things, a breach of the 2019 Agreement, for which Club Sourcing hereby sues.

34. Further, on or around May 11, 2021, Mr. Hildreth (on behalf of Allen Harim Foods LLC) sent Club Sourcing a letter purporting to terminate an Allen Harim Foods LLC Food Broker Agreement dated January 1, 2020 (the "Termination Letter"). Club Sourcing never entered such an agreement. To the extent the Termination Letter was designed as an attempt to sever Club Sourcing as a food broker for Allen Harim, such a termination attempt, amongst other things, is improper and a breach of the Brokerage Agreements, which cannot be terminated by Allen Harim per their

terms, particularly since there are "current orders, commissions due, or other business generated by [Club Sourcing]."

35. Club Sourcing has fully performed its obligations under the Brokerage Agreements.

36. Although Club Sourcing has demanded payment, Allen Harim has failed to cure its breaches of the Brokerage Agreements. As a proximate result of Allen Harim's breaches of the Brokerage Agreements, Club Sourcing has suffered damages in excess of $1,000,000.00, for which it hereby seeks judgment.

37. Club Sourcing seeks all damages permitted the Brokerage Agreements and applicable Texas law from Allen Harim, including but not limited to, all commissions owed to Club Sourcing. Club Sourcing is also entitled to pre- and post-judgment interest on Allen Harim's indebtedness in accordance with applicable Texas law.

38. Club Sourcing has been damaged in an amount in excess of the minimum jurisdictional limits of this Court and is entitled to recover.

## COUNT TWO: DEMAND FOR EQUITABLE ACCOUNTING

39. Plaintiff incorporates the prior paragraphs by reference.

40. Club Sourcing hereby demands an accounting and inspection of Allen Harim's operations, books of account, records and documents, and a full accounting of the funds received by Allen Harim for approved products sold to approved retailers, as detailed above.

41. The facts and accounts presented are so complex that adequate relief may not be obtained at law. Defendants have produced documents that are not a comprehensive production of all commissions owed to Plaintiff. Further, Defendants have refused to allow Plaintiff inspection of its accounting system(s). Defendants are in exclusive possession of the complete set of data to determine the amount of Plaintiff's damages.

## COUNT THREE: MONEY HAD AND RECEIVED

42. Plaintiff incorporates the prior paragraphs by reference.

43. On information and belief, Allen Harim is, or was, in possession of money from sales of approved products sold to approved retailers, which includes the commissions owed to Club Sourcing, pursuant to the Brokerage Agreements.

44. These commissions belong to Club Sourcing in equity and good conscience because Allen Harim agreed to pay commissions for sales of approved products sold to approved retailers, in accordance with the Brokerage Agreements.

45. Club Sourcing has been damaged in an amount in excess of the minimum jurisdictional limits of this Court and is entitled to recover.

## COUNT FOUR: UNJUST ENRICHMENT

46. Plaintiff incorporates the prior paragraphs by reference.

47. In the alternative and without waiving the foregoing, Allen Harim sold approved products sold to approved retailers, pursuant to the Brokerage Agreements. Upon information and belief, Allen Harim has profited from such sales.

48. Allen Harim's receiving of money from these sales without payment of agreed-upon commissions to Club Sourcing caused an inequity to Club Sourcing by depriving it of the funds rightfully due under the Brokerage Agreements and unjustly enriched Allen Harim by permitting it to retain the benefit of those sales without payment.

49. It would be unjust to allow Allen Harim to keep the benefit.

50. Club Sourcing has been damaged in an amount in excess of the minimum jurisdictional limits of this Court and is entitled to recover.

## COUNT FIVE: *QUANTUM MERUIT*

51. Plaintiff incorporates the prior paragraphs by reference.

52. In the alternative and without waiving the foregoing, Club Sourcing agreed to broker certain sales to approved retailers in connection with approved products. Allen Harim sold approved products sold to approved retailers, pursuant to the Brokerage Agreements. Allen Harim knew, or should have known, that Club Sourcing brokered these sales in anticipation of compensation in the form of commissions and were not furnished gratuitously. On information and belief, after all offsets, payments, and credits, the reasonable unpaid value of the commissions owed to Club Sourcing, pursuant to the Brokerage Agreements, is in excess of $1,000,000.00. Allen Harim has wrongfully refused to pay the value of these commissions, for which Club Sourcing now sues.

53. Club Sourcing has been damaged in an amount in excess of the minimum jurisdictional limits of this Court and is entitled to recover.

## COUNT SIX: ATTORNEYS' FEES & EXPENSES

54. Plaintiff incorporates the prior paragraphs by reference.

55. Despite written demand, Allen Harim has failed and refused to pay the amounts due to Club Sourcing, or cure any of its defaults pursuant to the Brokerage Agreements. As a result, Club Sourcing was required to retain the undersigned attorneys to enforce Club Sourcing's rights and has agreed to pay the firm a reasonable fee for its services and in the event of any and all appeals.

56. Club Sourcing has incurred, and will continue to incur, reasonable attorneys' fees, which it seeks to recover as damages from Allen Harim pursuant to applicable Texas law. *See* TEX. CIV. PRAC. & REM. CODE § 38.001.

**WHEREFORE,** Club Sourcing respectfully requests that Defendants Allen Harim Foods, LLC d/b/a Allen Harim LLC; Harim USA, Ltd. d/b/a Allen Harim LLC; and Harim Millsboro, LLC d/b/a Allen Harim LLC be cited to appear and answer, and that on final hearing, Plaintiff have judgment against Defendants, jointly and severally, for:

1. All damages incurred by Club Sourcing, general, special, and consequential;

2. Pre- and post-judgment interest, as permitted by applicable law;

3. An order granting Club Sourcing all rights to an accounting and inspection of Allen Harim's operations, books of account, records and documents, and a full accounting of the funds received by Allen Harim for approved products sold to approved retailers;

4. Club Sourcing's reasonable attorneys' fees and expenses incurred in connection with the pre-trial preparation and prosecution of this action, as well as for any and all appeals and petitions for review;

5. Costs of court; and

6. All such other relief, special or general, legal or equitable, which Club Sourcing may be justly entitled to receive.

Dated: January 8, 2024

Respectfully submitted,

BELL NUNNALLY & MARTIN LLP

*/s/ Ross Angus Williams*
Ross Angus Williams
Texas Bar No. 24066296
rwilliams@bellnunally.com
Karen L Hart
State Bar No. 24032401
khart@bellnunally.com
Laura K. Lavernia
State Bar No. 24126586
llavernia@bellnunally.com
2323 Ross Ave., Suite 1900
Tel: 214-740-1400
Fax: 214-740-1499

**ATTORNEYS FOR PLAINTIFF CLUB SOURCING INC.**

## CERTIFICATE OF SERVICE

I certify that, on January 8, 2024, a true and correct copy of the foregoing document was served in accordance with the Federal Rules of Civil Procedure on all counsel of record.

*/s/ Ross Angus Williams*
Ross Angus Williams

7773750_1.DOCX