IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLUB SOURCING INC., | § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. 3:23-cv-00926-M |
| ALLEN HARIM FOODS, LLC, et al., | | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

Defendants Harim Millsboro, LLC and Harim USA, Ltd.'s Second Motions to Dismiss are **DENIED**. ECF Nos. 33, 34.

## I.  Factual Matters

Plaintiff Club Sourcing Inc. is a food brokerage company specializing in club stores, other retailers, and international manufacturing representation. ECF No. 30 (First Amended Complaint, "FAC") ¶ 8. Defendants are alleged to collectively hold themselves out as Allen Harim, LLC, which has contracted for Plaintiff to be its food broker since at least 2012. *Id*. ¶¶ 9, 11. Plaintiff alleges that Defendants have denied Plaintiff commissions under various Brokerage Agreements and seeks damages, attorney's fees, and for an accounting. *Id*. ¶¶ 12–13, at 13. Claims are asserted for breach of contract, quantum meruit, money had and received, and unjust enrichment. *Id*. ¶¶ 30–53.

## II.  Legal Standard

To avoid dismissal under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Holmes v. Thomson Reuters (Tax & Acct.), Inc*., No.

3:19-CV-0993-M, 2020 WL 215813, at *2 (N.D. Tex. Jan. 13, 2020) (Lynn, C.J.) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).  The "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Twombly*, 550 U.S. at 555 (internal citations omitted).

### III.     Analysis

Defendants Harim Millsboro, LLC and Harim USA, Ltd. filed separate Motions to Dismiss alleging that they are not related to Defendant Allen Harim Foods, LLC.  ECF Nos. 33, 34.  Defendants ask the Court to consider the 2012 and 2019 Brokerage Agreements attached to Defendants' replies, not their Motions.  *Id.* n.7; ECF Nos. 37-1, 38-1.  Both Defendants also attach affidavits to their Motions, explaining why they were improperly sued and should be dismissed.  ECF Nos. 33-1, 34-1.

Plaintiff responds that Defendants' Motions (1) were untimely, (2) relied on evidence outside of the FAC, and (3) fail because Plaintiff has sufficiently pleaded that Defendants conduct business as Allen Harim, LLC.  ECF Nos. 35, 36.  The Court takes Plaintiff's responses in the order described.

First, the Motions were timely.  The Scheduling Order provides that the deadline to respond to an amended pleading is 21 days after the date that the amended pleading is served.

ECF No. 11 ¶ 3.  The FAC was filed on January 8, 2024, and the Motions to Dismiss were filed on January 26, 2024, within 21 days.

Second, Defendants request that the Court consider affidavits attached to their Motions to Dismiss and Brokerage Agreements attached to their replies.  Under *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000), a court considering a Rule 12(b)(6) motion "must limit itself to the contents of the pleadings, including attachments thereto."  The "one limited exception" to this rule allows the Court to consider documents that are: (1) attached to the defendant's motion to dismiss, (2) referred to in the plaintiff's complaint, and (3) central to the plaintiff's claims.  *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 661–62 (N.D. Tex. 2011) (Lynn, J.) (citing *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)).  The Brokerage Agreements are not attached to the Motions to Dismiss.  The affidavits introduce extraneous matters not a part of the FAC.  Therefore, neither the Agreements nor the affidavits may be considered by the Court.

Third, Plaintiff sufficiently pleaded that Defendants collectively held themselves out as Allen Harim, LLC.  FAC ¶ 10.  Defendants' web addresses are alleged to be "allenharimllc.com," and the email addresses of Defendants' employees end with the same "allenharimllc.com."  *Id*.  Plaintiff pleaded that the Brokerage Agreements were signed as Allen Harim, LLC, "without making any distinction as to any particular entity doing business under this trade name," and that all Defendants are doing business under Allen Harim, LLC.  *Id.*  This is sufficient under Rule 12(b)(6).

For the first time in reply, Defendants ask the Court to take judicial notice of the submitted affidavits and to convert the Motions to Dismiss to Motions for Summary Judgment.  Arguments first raised in a reply brief are not to be considered by the Court.  *Narvaez v. Wilshire*

*Credit Corp.*, 757 F. Supp. 2d 621, 633 n.11 (N.D. Tex. 2010) (Lynn, J.); *Ecoquij-Tzep v. Grill*, No. 3:16-CV-00625-M, 2016 WL 3745685, at *2 n.3 (N.D. Tex. July 12, 2016) (Lynn, C.J.). Even if they were to be considered by the Court, they would not be dispositive of Plaintiff's claims in a Motion to Dismiss.

### IV. Conclusion

For the reasons stated above, Defendants Harim Millsboro, LLC and Harim USA, Ltd.'s Second Motions to Dismiss are **DENIED**.  ECF Nos. 33, 34.

**SO ORDERED**.

March 8, 2024.

_____
BARBARA M. G. LYNN
SENIOR UNITED STATES DISTRICT JUDGE