IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLUB SOURCING INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-cv-00926-M |
| | § | |
| ALLEN HARIM FOODS, LLC, et al., | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

Plaintiff's Partial Motions to Dismiss (ECF Nos. 43, 54, 56, the "Motions") are **DENIED**. Plaintiff's first Partial Motion to Dismiss (ECF No. 43) sought an Order dismissing Defendant Allen Harim Foods, LLC's prayer for recovery of costs and attorneys' fees. The Court ordered that the prevailing party will recover its costs of court, and that Allen Harim Foods should respond regarding attorneys' fees only. ECF No. 45. Plaintiff then filed similar Partial Motions to Dismiss directed to the remaining Defendants' prayers for attorneys' fees.

The Defendants contend that Texas law provides a basis for their seeking attorneys' fees, including those incurred in responding to the Motions. Tex. Civ. Prac. & Rem. Code § 10.001 explains what a signatory to a pleading or motion certifies to the court,[1] and § 10.002 describes motions for sanctions for § 10.001 violations. Defendants argue that, because they have pleaded that Plaintiff's claims are meritless, and discovery is incomplete, the Motions should not only be denied but also serve no purpose and were intended to harass, delay, or needlessly increase

---

[1] The signer certifies: (1) the motion or pleading is not presented for an improper purpose, (2) each legal contention is warranted, (3) each factual contention is likely to have evidentiary support, and (4) each denial of a factual contention is warranted.

1

litigation expenses. Accordingly, they argue, §§ 10.001–002 provide a basis for Defendants' claims to attorneys' fees.

Federal courts have awarded attorneys' fees for violations of § 10.001. *DTND Sierra Invs., L.L.C. v. HSBC Bank USA, N.A.*, 627 F. App'x 285, 287–88 (5th Cir. 2015); *Frank v. Wells Fargo Bank, N.A as Tr. for Mastr Asset Backed Sec. Tr. 2007-NCW Mortg. Pass-Through Certificates Series 2007-NCW*, No. 4:22-CV-00065, 2023 WL 4880785, at *7–8 (S.D. Tex. July 21, 2023), report and recommendation adopted sub nom. *Frank v. (Sioux Falls) Wells Fargo Bank, N.A.*, No. 4:22-CV-00065, 2023 WL 5279464 (S.D. Tex. Aug. 16, 2023). If Plaintiff's lawsuit proves frivolous, then a motion for sanctions before this Court may be appropriate, and the Court would then determine what fees are appropriate. Plaintiff's Motions are **DENIED**.

**SO ORDERED**.

May 23, 2024.

_____
BARBARA M. G. LYNN
SENIOR UNITED STATES DISTRICT JUDGE